# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ANNE O'BOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCHANTS CREDIT GUIDE COMPANY d/b/a MERCHANTS' CREDIT GUIDE CO.,<br><br>Defendant. | Case No.: 17-cv-1350<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.  The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.  Plaintiff Anne O'Boyle is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.  Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a credit card debt.

5.  Defendant Merchants Credit Guide Company ("MCG" or "Defendant") is a debt collection agency with its principal offices at 223 W. Jackson Blvd., #700, Chicago, Illinois 60606.

6. MCG is a foreign business corporation with registered agent National Registered Agents, Inc., 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703.

7. MCG is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. MCG is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. MCG is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or about September 10, 2017, MCG mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "MONROE & MAIN." A copy of this letter is attached to this complaint as Exhibit A.

10. The alleged debt identified in Exhibit A is an alleged account used for personal, family or household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by MCG to attempt to collect alleged debts.

13. Exhibit A contains the following text:

> We are offering you this opportunity to resolve your account for 60% (SIXTY PERCENT) of the current balance. Upon receipt of the sum of $366.57 the account listed above will be resolved, and if any credit bureau was notified they will be updated.

Exhibit A.

14. The letter purports to offer a settlement of about 60% of the alleged current balance of the "account listed above."

15. There is no account "listed above" this statement in Exhibit A.

2

16. Exhibit A also contains the following:

**DISCOUNT OFFER**

| ACCOUNT INFORMATION |
|---|
| Our File #: 08-171630556 |
| Our Client: MONROE & MAIN |
| Account #: 221223228110 |
| Amount: $366.57 |
| Discounted Offer Amount: $366.57 |

Exhibit A.

17. The "Amount" and "Discounted Offer Amount" are both $366.57.

18. The unsophisticated consumer would be confused by the language in Exhibit A.

19. Exhibit A misrepresents "the character, amount, or legal status of any debt." It is unclear whether the letter is representing the $366.57 amount to be the entire balance or the discounted amount.

20. The unsophisticated consumer would not know whether $366.57 represented the entire balance, the discount offer of 60% of the balance, or was some other amount that had nothing to do with the debtor's account.

21. Plaintiff was confused by Exhibit A.

22. The unsophisticated consumer would be confused by Exhibit A.

23. Plaintiff had to spend time and money investigating Exhibit A.

24. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*,

No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection

4

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

29. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. The language in Exhibit A stating the alleged balance Plaintiff owed in had an "Amount" and a "Discounted Offer Amount" and that both amounts were $366.57 is confusing and misleading to the unsophisticated consumer in that it makes unclear how much the debtor owed on the account and how much would have to be paid to settle the account.

33. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f.

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) in which the "Amount" and "Discounted Offer

5

Amount" are the same amount and (d) the total balance of the account is not included in the letter, (e) seeking to collect a debt for personal, family or household purposes, (f) between September 29, 2016 and September 29, 2017, inclusive, (g) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 2, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com